UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Scott Crowe, #296893, ) | C/A No. 4:08-2955-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Introduction and Factual Background

The petitioner, Christopher Scott Crowe, proceeding *pro se*, brings this action for habeas relief.[1] The petitioner paid the $5 filing fee. Petitioner is an inmate at Catawba Pre-Release Center, a facility of the South Carolina Department of Corrections (SCDC). Although the petitioner completed a habeas § 2254 form, he is attacking the execution or implementation of his state sentence; he alleges that he will be incarcerated for more days than he should be due to SCDC classification's refusal to give him credit for time served in accordance with Judge Gordon Cooper's November 9, 2007, order.[2] Because the gravamen of the petition is *not* attacking the validity of his conviction or sentence, this habeas petition is deemed to be pursuant to 28 U.S.C. § 2241. *See Manigault v. Lamanna*, 2006 WL 1328780 at 4, fn.4 (D.S.C. 2006) (A § 2241 petition generally

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] It appears that the petitioner was indicted in state court in 2006, and he pled guilty to six counts of forgery. It appears that he was released from prison, but he violated the terms of his parole/probation. Thus, he was convicted of parole/probation revocation and sent back to SCDC. He alleges that on November 9, 2007, when the state court judge sent him back to SCDC the judge gave him credit for time served but now SCDC is not doing so.

challenges the execution or implementation of a prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). This petition should be dismissed for failure to exhaust state remedies.

### *Pro Se* and AEDPA Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). This Court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears

2

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.[3]

## Discussion

Both federal remedies of a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254 can only be sought *after* the petitioner has exhausted his state remedies.[4] *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion also required under 28 U.S.C. § 2241); and *Moore v. DeYoung*, 515 F.2d 437, 442-443 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).

The petitioner does *not* allege that he filed a grievance with SCDC, either Step One or Step Two, seeking a correct calculation of his release date. The petitioner must exhaust with SCDC because the SCDC needs the opportunity to correct its own alleged error and possibly grant relief to the petitioner and SCDC needs to develop a factual record and apply its expertise to the situation. *See Moscato v. Fed. B.O.P.,* 98 F.3d 757, 761 (3rd Cir. 1996) (explaining three reasons to require exhaustion), *cited with approval by Watkins v. Compton*, 126 Fed.Appx. 621 (4th Cir. 2005)

---

[3] *See* Rule 1(b) of the Rules Governing Section 2254 cases which provides that the rules may be applied to all habeas corpus petitions.

[4] Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

3

(unpublished). Moreover, the petitioner answered on the § 2254 form that he has *not* filed a post-conviction relief action in state court to raise his grounds for relief.[5]  *See Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000) (a petitioner should exhaust a claim of proper credit for time served either through SCDC with an appeal to the state administrative law court or through a PCR action).

Here, the petitioner alleges that he did file several motions in South Carolina state courts. For example, he filed a motion to correct sentence with the Seventh Judicial Circuit on January 14, 2008, seeking credit for time served.[6] He also filed a motion with the South Carolina Supreme Court entitled "'motion to compel' lower court to act." He alleges that both of the said motions or actions are pending.[7] Therefore, the habeas petition should be dismissed without prejudice for failure to exhaust state remedies within SCDC and within the state courts.

## Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not exhausted his state remedies. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly

---

[5] If the petitioner did state a claim for relief pursuant to 28 U.S.C. § 2254 attacking his revocation sentence as an illegal sentence, this action still should be dismissed without prejudice for his failure to exhaust his state remedies. As discussed above, the court believes that the petitioner seeks to attack the calculation of his sentence, not the validity of the sentence. However, certain language in the petition may give rise to the inference that he seeks to vacate his sentence.

[6] The Seventh Judicial Circuit is where the petitioner was convicted and sentenced for forgery and where his parole/probation was revoked.

[7] It is possible that a state court may determine that the motion to correct sentence filed on January 14, 2008, is a post-conviction relief action.

lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

> ***The petitioner's attention is directed to the important notice on the next page.***

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 30, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).