IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Scott Crowe, # 296893, | ) | C/A NO. 4:08-2955-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On September 30, 2008, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Petitioner of the procedures and

---

[1] The Magistrate Judge deemed the petition to be filed in this court pursuant to 28 U.S.C. § 2241. While not determinative of the outcome of this matter, the court recognizes that, where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. *Gregory v. Coleman*, 218 Fed. Appx. 266 (4th Cir. 2007) (unpublished) (recognizing majority view but declining to indicate whether the Fourth Circuit would join the majority of Circuit Courts); *see*, *e.g.*, *White v. Lambert*, 370 F.3d 1003, 1005 (9th Cir. 2004); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277-79 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166-67 (2d Cir. 2002); *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001); *Medberry v. Crosby*, 351 F.3d 1049, 1058-62 (11th Cir. 2003); *but see*, *Montez v. McKinna*, 208 F.3d 862, 869-71 (10th Cir. 2000); *Greene v. Tennessee Dep't. of Corr.*, 265 F.3d 369 (6th Cir. 2001).

requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice. Therefore, the petition is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

                 s/ Cameron McGowan Currie
                 CAMERON MCGOWAN CURRIE
                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 4, 2008

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\08-2955 Crowe v. SCDC e adopt rr dism wo prej wo svc.wpd